RECEIVED
IN ALEXANDRIA, LA.
MAR 0 5 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL JOHNSON<br>LA.DOC #118967<br>VS. | CIVIL ACTION NO. 1:10-CV-0119<br>SECTION P<br>JUDGE DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Michael Johnson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 27, 2010. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana and he complains he lost various privileges and was transferred out of the honors dorm in violation of his right to due process. He sues Warden Wilkinson, Dy. Warden Angel Martin, Supervisor Delmer Maxwell, Quality Assurance Officer Mona Heyse, and John D. Ferguson, CEO of the Correctional Corporation of America asking for declaratory judgment, injunctive relief, and compensatory damages. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following

reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

On September 22, 2009, or some date prior thereto, the Warden received a confidential complaint from an inmate in the Dogwood Honors Dorm accusing plaintiff of "strong arming the television." On that date Warden Martin and Captain Maxwell approached plaintiff and advised him that he was being transferred to the Elm Unit; plaintiff also lost his prison job and was placed in the field.

On September 29, 2009 plaintiff filed a grievance asking Chief Glover to review the sanction alleging that it was arbitrary and capricious and denied plaintiff due process. The grievance was forwarded to Ms. Heyse, and, on October 15, 2009 she rejected the grievance because the sanctions complained of were administrative.

On October 17, 2009 plaintiff spoke to Warden Martin and she advised that she "... did not administrative move and/or change him or his status.

On October 27, 2009 plaintiff appealed Ms. Heyse's October 15 response. The appeal was rejected by Heyse who advised that

2

the sanction was not appealable.

Plaintiff filed this suit on January 27, 2010. He claimed that Martin and Maxwell took plaintiff's job and honor status without a hearing and thus denied him a state created liberty interest. He claimed that Wilkinson's refusal to overturn their action resulted in a due process violation. He claimed that Heyse's failure to investigate the sanctions imposed and her failure to intervene resulted in a due process violation.

### *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be

granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a

sufficiently detailed recitation of the facts supporting his claims. Plaintiff has stated his best case and need not be afforded an opportunity for further amendment.

### 2. *Loss of Honor Status and Prison Job*

Plaintiff complains that he was deprived of liberty interests – his honor prisoner status and residence in the honor dorm and his prison job – in violation of the due process clause of the Fourteenth Amendment. His complaint fails to state a claim for which relief might be granted pursuant to 42 U.S.C. § 1983 because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See Madison, 104 F.3d at 768; see also Harper v.

5

Showers, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").

Plaintiff lost no good time credits as a result of the allegedly defective disciplinary proceedings and therefore plaintiff's transfer from the honor dorm, his loss of honor status and even the loss of his prison job did not amount to an "atypical" hardship and therefore his claim is frivolous. Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); Meachum v. Fano, 427 U.S. 215, 228 (1976).

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14)days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana March 5, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE